```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| WILLIE D. JAMES,    | No. 19-cv-445 (NLH) |
|---------------------|---------------------|
| Petitioner,         | MEMORANDUM AND ORDER |
| v.                  |                     |
| B.M. ANTONELLI,     |                     |
| Respondent.         |                     |

IT APPEARING THAT:

1. Petitioner Willie D. James filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, to challenge his career offender designation under the U.S. Sentencing Guidelines. Specifically, he argues that his predicate convictions no longer qualify as "crimes of violence" as that phrase is used in the Guidelines. See ECF No. 1.

2. At the time he filed the Petition, Petitioner was incarcerated at the Federal Correctional Institution at Williamsburg in Salters, South Carolina, within the U.S. District Court for the District of South Carolina, see ECF No. 1 at 9, 10, and he thus filed the Petition in the District of South Carolina. See No. 18-cv-1839 (D.S.C.).

3. After the filing was received by the District of South Carolina, the case was referred for pretrial proceedings to a U.S. Magistrate Judge and an order was issued to the parties,

which included a direction to the Petitioner that he must update his address with the court if it changes.  See ECF No. 7 at 3.

4.  Pursuant to the order, Respondent filed a Motion to Dismiss.  ECF No. 10.  In the Motion, the Respondent argued that the court lacks subject matter jurisdiction over the Petition based on the type of claim raised in the Petition, which, in the alternative, should also be dismissed for failure to state a claim.

5.  Petitioner filed an opposition to the Motion, and in doing so, also updated his address with the court because he was transferred from FCI Williamsburg to the Federal Correctional Institution at Fort Dix, in Fort Dix, New Jersey.  See ECF Nos. 16, 17.

6.  The magistrate judge then issued a Report and Recommendation, sua sponte raising and recommending transfer of the Petition to this Court, the U.S. District Court for the District of New Jersey.  The Report and Recommendation provides, in pertinent part:

> Although Petitioner was incarcerated in the District of South Carolina when he filed his § 2241 petition, he is presently incarcerated at FCI Fort Dix in New Jersey.  Petitioner's current custodian, the Warden of FCI Fort Dix, is therefore the proper party respondent to Petitioner's § 2241 petition.  Accordingly, this court lacks jurisdiction to entertain his petition.  See Rumsfeld, 542 U.S. at 445 ("[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction.").  Because Respondent has filed a motion to dismiss that

> has been fully briefed by both parties, the
> undersigned finds transfer of the instant petition to
> the District of New Jersey would serve the interests
> of justice and would not prejudice either party. <u>See
> Feller v. Brock</u>, 802 F.2d 722, 729 n.7 (4th Cir. 1986)
> ("Although a motion by one of the parties is
> ordinarily required for transfer, the district court
> may consider the possibility of transfer sua
> sponte.").

ECF No. 20 at 2-3 (citations to the docket omitted). No statute authorizing the transfer is cited or referenced in the Report and Recommendation.

7. After no objections were filed to the Report and Recommendation, the district court entered an order providing, in pertinent part:

> A <u>de novo</u> review of the record indicates that the
> magistrate judge's report accurately summarizes this
> case and the applicable law. Accordingly, the
> magistrate judge's report and recommendation is
> AFFIRMED, and this case is TRANSFERRED to the United
> States District Court for the District of New Jersey.
>
> IT IS FURTHER ORDERED that a certificate of
> appealability is denied because petitioner has failed
> to make a "substantial showing of the denial of a
> constitutional right." 28 U.S.C. § 2253(c)(2).

ECF No. 23. No statute authorizing the transfer was identified in the transfer order.

8. Upon receipt and after the expiration of District of New Jersey Standing Order No. 18-4, staying certain civil cases due to the lapse of congressional appropriations funding for the federal government, this Court reviewed the proceedings and

3

determined that the transfer of the Petition to this District may be without authority.

9. In light of the potential impact on the parties of an improper transfer, the Court will request briefing from the parties on the following issues:

> Whether the U.S. District Court for the District of South Carolina was divested of jurisdiction once Petitioner was transferred by the Federal Bureau of Prisons to FCI Fort Dix even though jurisdiction vested at the time of the filing of the petition;[1]
>
> Whether statutory authority exists for the transfer of the Petition from the District of South Carolina to this District;[2] and
>
> Whether it would be in the interests of justice for a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 to be transferred every time an incarcerated prisoner is involuntarily transferred by his or her custodian without the consent of the parties.[3]

---

[1] See Rumsfeld v. Padilla, 542 U.S. 426, (2004) ("Endo stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); Ex Parte Endo, 323 U.S. 283 (1944) ("We . . . hold that the District Court acquired jurisdiction in this case and that the removal of [petitioner] did not cause it to lose jurisdiction . . . .").

[2] See 28 U.S.C. § 1404(a) (providing for transfer in the interest of justice to any district where the action might have originally been brought or where all parties have consented) and 28 U.S.C. § 1631 (providing for transfer to cure want of jurisdiction to any court in which the action could have been brought at the time it was filed).

[3] See Fed. R. Civ. P. 1 (requiring that the Rules "should be construed, administered, and employed by the court and the

The parties may also discuss any differing aspects of the relevant and dispositive caselaw between the Courts of Appeals for the Third and Fourth Circuits.

IT IS therefore on this   19th   day of February, 2019,

ORDERED that the parties have thirty (30) days from the entry of this Order in which to submit supplemental briefing addressing the aforementioned issues; and it is finally

ORDERED that the Clerk of the Court shall send a copy of this Order to Petitioner by regular U.S. mail.

At Camden, New Jersey

 s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.

---

parties to secure the just, speedy, and inexpensive determination of every action and proceeding).