```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

  WILLIE D. JAMES,                    1:19-cv-0445 (NLH)

           Petitioner,                **MEMORANDUM OPINION & ORDER**

      v.

  B. M. ANTONELLI,

           Respondent.

**APPEARANCES**:

Willie D. James
40199-018
FCI Fort Dix
PO Box 2000
JMDL, NJ 08640

   *Petitioner pro se*

Rachael Honing, Acting United States Attorney
Elizabeth Pascal, Assistant United States Attorney
U.S. Attorney's Office for the District of New Jersey
401 Market Street
Suite 2098
Camden, NJ 08101

   *Attorneys for Respondent*

**HILLMAN**, District Judge

   WHEREAS, Petitioner Willie D. James filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenging his career offender designation under the U.S. Sentencing Guidelines.  Specifically, he argued that his predicate convictions no longer qualified as "crimes of

violence" as that phrase is used in the Guidelines, ECF No. 1; and

WHEREAS, the United States Court for the District of South Carolina transferred this matter to this District on January 11, 2019, ECF No. 25; and

WHEREAS, the United States responded on March 20, 2019, ECF No. 28; and

WHEREAS, on January 15, 2021, counsel for the United States filed a letter with this Court informing the Court that Petitioner was released from custody on March 14, 2019, ECF No. 31; and

WHEREAS, "[u]nder Article III of the Constitution, a federal court may adjudicate 'only actual, ongoing cases or controversies.'"  Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  The "case or controversy" requirement continues through all stages of federal judicial proceedings and requires that parties have a personal stake in the outcome.  Id. (citing Lewis, 494 U.S. at 477-78); and

WHEREAS, for there to remain a case or controversy, there must be a likelihood that the petitioner's injury would be redressed by a District Court's grant of his habeas corpus petition.  Id. at 150; and

WHEREAS,  Petitioner has been released from Bureau of

2

Prisons custody. The Court can order no further relief under § 2241,

THEREFORE, IT IS on this  22nd  day of January, 2021

ORDERED that the petition is dismissed as moot; and it is further

ORDERED that the Clerk shall send a copy of this Order to Petitioner at his last known address and mark this case closed.

At Camden, New Jersey

 s/ Noel L. Hillman 
NOEL L. HILLMAN, U.S.D.J.